UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────────

KATHY M.,[1]

                              Plaintiff,          Case # 23-CV-1198-FPG

v.                                                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
─────────────────────────────────────────

## INTRODUCTION

Plaintiff Kathy M. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 8. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is GRANTED, the Commissioner's Motion for Judgment on the Pleadings is DENIED, and this matter is REMANDED for further proceedings.

## BACKGROUND

In April 2020, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 270-306. Plaintiff alleged disability since March 2020 due to several mental and physical impairments. Tr. 343. In October 2022, Administrative Law Judge Mark Solomon

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

1

("the ALJ") issued a decision finding that Plaintiff was not disabled from March 2020 through the date of the decision. Tr. 21-29. In September 2023, the Appeals Council denied Plaintiff's request for review. Tr. 1-3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.[3] *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ

---

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations. *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.  The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 2020, her alleged onset date. Tr. 23. At step two, the ALJ found that Plaintiff had severe impairments of migraines, history of vertigo, and spondylosis. Tr. 23-25. The ALJ concluded that Plaintiff's mental impairment of major depressive disorder was non-severe. Tr. 24-25. At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 25.

Next, the ALJ determined that Plaintiff had the RFC to perform medium work with non-exertional and environmental limitations. Tr. 25-29. At step four, the ALJ determined that Plaintiff was able to perform her past work as an office clerk. Tr. 29. Accordingly, the ALJ found that Plaintiff was not disabled from March 2020 through the date of decision. Tr. 29.

**II.   Analysis**

Plaintiff asserts that remand is warranted because the ALJ (1) failed to account for Plaintiff's non-severe mental impairments in the RFC, and (2) failed to account for Plaintiff's migraines in the RFC. For the reasons given below, the Court agrees that remand is warranted as to Plaintiff's non-severe mental impairment. Because the Court agrees with Plaintiff's first argument, it declines to address the second.

The ALJ "must consider the impact of all of a claimant's medically determinable impairments when assessing a claimant's RFC," regardless of whether "an impairment qualifies as severe or nonsevere at step two." *Boudreau v. Comm'r of Soc. Sec.*, No. 18-CV-6681, 2020 WL 1501752, at *4 (W.D.N.Y. Mar. 30, 2020). The analysis at step two is analytically distinct from the construction of the RFC, which is why "[t]he Commissioner's procedures do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis."

4

*MacDonald v. Comm'r of Soc. Sec.*, No. 17-CV-921, 2019 WL 3067275, at *3 (W.D.N.Y. July 11, 2019). Social Security Ruling 96-8p envisions that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process [will entail] a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings." SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996). "The RFC assessment [will also] include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. Remand may be necessary where the ALJ fails to properly consider the impact of a claimant's non-severe impairments on the RFC. *See Dollena M. v. Comm'r of Soc. Sec.*, No. 21-CV-1137, 2024 WL 957789, at *7 (W.D.N.Y. Mar. 6, 2024) (collecting cases). Such consideration must be discernible in the decision itself. *See, e.g.*, *Susan L. v. Comm'r of Soc. Sec.*, No. 20-CV-6877, 2022 WL 16700288, at *3 (W.D.N.Y. Nov. 3, 2022) ("[I]f an ALJ fails to explain why he did not include limitations to account for a claimant's non-severe mental impairments, that legal error requires remand."); *Schmidt v. Colvin*, No. 15-CV-2692, 2016 WL 4435218, at *13 (E.D.N.Y. Aug. 19, 2016) ("Where an ALJ fails to account for any functional limitations associated with the [non-severe] impairments in determining the claimant's RFC, a court must remand for further administrative proceedings." (quotation marks and citations omitted)).

Here, the ALJ stated in the step two analysis that he "considered" Plaintiff's mental limitations, judged them to be non-severe, and incorporated that conclusion into his RFC. Tr. 24-25. Regardless of whether the ALJ properly classified these limitations as non-severe, remand is required because he did not adequately consider them when assessing Plaintiff's RFC. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) (holding that even if

substantial evidence supported the ALJ's decision that the plaintiff's mental impairment was non-severe, "it would still be necessary to remand this case for further consideration because the ALJ failed to account for [plaintiff's] mental limitations when determining her RFC").

Although the ALJ claimed to have considered Plaintiff's mental limitations, other courts "have criticized similar statements as 'boilerplate,' 'lip service,' and 'conclusory,'" determining that they fall short of the consideration required in the RFC even for non-severe limitations. *Cromwell v. Comm'r of Soc. Sec.*, No. 18-CV-1194, 2020 WL 409989, at *2 (W.D.N.Y. Jan. 24, 2020) (collecting cases). The ALJ makes passing reference to mental status examinations provided by Plaintiff's medical examiners, Tr. 27-28, but does not incorporate mental health limitations into the RFC determination. *See Reed v. Comm'r of Soc. Sec.*, No. 18-CV-0169, 2019 WL 4643605, at *3 (W.D.N.Y. Sept. 24, 2019) (holding that remand is warranted where, apart from brief references to the record, the RFC decision did "not incorporate *any* mental health limitations . . . if they are non-severe" (emphasis in original)); *Schmidt*, 2016 WL 4435218 at *13 ("Because the ALJ failed to account for the limitations imposed by Plaintiff's non-severe mental impairments, the Court remands for consideration of those limitations in determining Plaintiff's RFC"). It is beyond dispute that "[i]n assessing a claimant's RFC, the ALJ must evaluate the 'combined impact on a claimant's ability to work, regardless of whether every impairment is severe.'" *Vasquez v. Comm'r. of Soc. Sec.*, 18-CV-1107, 2019 WL 765260, at *3 (E.D.N.Y. Feb. 21, 2019) (quoting *Dixon v. Shalala*, 54 F.3d 1019, 1031 (2d Cir. 1995)). The ALJ did not do so here, and therefore committed an error warranting remand. *See Parker-Grose*, 462 Fed. App'x. at 18 ("[A]fter finding that [the claimant]'s mental impairment of depression does not cause more than minimal limitation in her ability to perform basic mental work activities and is therefore nonsevere, . . . the ALJ determined [the claimant]'s RFC without accounting for any of the limitations arising from her

mental impairment[.] Thus, the ALJ committed legal error."). It may be that restrictions arising from those limitations are not warranted, but such analysis must be included in the decision nevertheless.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 4) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: March 27, 2025
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York